# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>Plaintiff,<br><br>v.<br><br>**F5 Networks, Inc.,**<br><br>Defendant. | Case No. 1:20-cv-1085<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of F5 Networks, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant F5 Networks, Inc. is a corporation organized and existing under the laws of Washington that maintains an established place of business at 12012 Sunset Hills Rd, Reston, VA 20190.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

### PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,584,330 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### THE '330 PATENT

8. The '330 Patent is entitled "Method for generating a real time billing information in a packet switching based network and network element," and issued 02/28/2017. The application leading to the '330 Patent was filed on 10/31/2007. A true and correct copy of the '330 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '330 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '330 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '330 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '330 Patent also identified in the charts incorporated into this Count below (the "Exemplary '330 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '330 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '330 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '330 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '330 Patent. Examples of such product literature and website materials include the following:

- https://www.f5.com/pdf/solution-center/f5-handbook-for-service-providers-guide.pdf

15. **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '330 Patent, literally or by

the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '330 Patent.

16. **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '330 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '330 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '330 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '330 Patent.

17. Exhibit 2, and corresponding reference exhibits, includes charts comparing the Exemplary '330 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '330 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '330 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2, and corresponding reference exhibits.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '330 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '330 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '330 Patent.

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants continuing or future infringement, up until the date such judgment is entered with respect to the '330 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: September 15, 2020    Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**WSOU Investments, LLC d/b/a Brazos Licensing and Development**